# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 28, 2009

Charles R. Fulbruge III
Clerk

No. 09-10075
Summary Calendar

MONICA J. TEAGUE,

Plaintiff–Appellant,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:07-CV-773

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Monica Teague appeals from a district court's order and judgment affirming the Commissioner of Social Security's (Commissioner) decision granting Teague a closed period of disability. We affirm the district court's order and judgment.

## I

In 2004, Teague filed an application for disability insurance benefits,

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleging that she began having back problems in March 2002, after she injured her back while lifting a heavy box of files at work. The Commissioner denied Teague's application for disability insurance benefits initially and again upon reconsideration. Teague then requested and was granted a hearing before an Administrative Law Judge (ALJ).

A hearing took place before an ALJ to adjudicate whether Teague qualified for disability insurance benefits. After considering the testimony and reviewing the medical record, the ALJ concluded that Teague was "disabled" commencing March 1, 2002, but "not disabled" on and after February 23, 2006.

Teague requested review of the unfavorable portion of the ALJ's decision, but the Appeals Council denied her request. Following the Appeals Council's decision, Teague filed suit in district court. After referring the matter to a magistrate for recommendation, the district court concluded that Teague's complaint lacked merit and affirmed the ALJ's decision in favor of the Commissioner. This appeal followed.

## II

Appellate review of Social Security disability cases is "limited to (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence."[1] Substantial evidence means more than a scintilla, but less than a preponderance, of evidence.[2] In applying the substantial evidence standard, the court must carefully examine the entire record, but must refrain from reweighing the

---

[1] *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).

[2] *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Randall v. Astrue*, 570 F.3d 651, 662 (5th Cir. 2009).

evidence, trying issues de novo, or substituting its judgment for that of the Commissioner.[3]

## III

Teague argues that the ALJ's finding that, as of February 23, 2006, Teague was no longer disabled pursuant to the Social Security Act was not supported by substantial evidence. Therefore, we must consider whether substantial evidence supports the conclusion that Teague was not entitled to disability benefits as of the termination date.

When the ALJ finds a claimant entitled to a closed period of disability, the ALJ must apply the medical improvement standard to articulate when the closed period ends.[4] Disability benefits may be terminated if there is substantial evidence demonstrating that (1) there has been a medical improvement related to the ability to work, and (2) the individual is now able to engage in substantial gainful activity.[5] Medical improvement is related to a claimant's ability to work if there has been a decrease in the severity of the impairment and an increase in the claimant's functional capacity to do basic work activities.[6] The Commissioner has the burden to prove the claimant is no longer disabled as of the cessation date.[7]

The first question, then, is whether Teague experienced a medical

---

[3] *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999).

[4] *Waters*, 276 F.3d at 719.

[5] 42 U.S.C. § 423(f)(1).

[6] 20 C.F.R. § 404.1594(b)(3).

[7] *Waters*, 276 F.3d at 717.

improvement related to the ability to work. In this case, the ALJ found that Teague showed medical improvement beginning February 23, 2006. In particular, the ALJ noted that, by February 16, 2006, Teague "tolerated well" her physical rehabilitation exercises, including stretching, riding a recumbent bicycle, walking on a treadmill, weight training, and walking outdoors. Furthermore, on Februrary 20, 2006, her treating psychologist, Dr. Robert Bradley, reported that her activity level during physical therapy was high and that her pain level was better. Dr. Bradley discharged Teague with "maximum benefit," based on Teague's report that she was better. These facts provide substantial evidence that Teague experienced a medical improvement related to her ability to work as of February 23, 2006.

Teague argues that testimony by Dr. Ollie Raulston that she was unemployable "to the current date" demonstrates that there was no substantial evidence to support the ALJ's medical improvement finding. However, Raulston did not perform any clinical examinations of Teague. Ordinarily, the ALJ assigns more weight to the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses in determining disability.[8] Therefore, the ALJ properly gave more weight to the treating physician's records than to Dr. Raulston's opinion.

The second question is whether Teague was able to engage in substantial gainful employment after February 23, 2006. The ALJ found that Teague could engage in substantial gainful employment because she could return to her past relevant work as an accounting assistant, a payroll specialist, and an accounts receivable clerk. The ALJ noted that Teague's physical therapy involved

---

[8] *Perez v. Barnhart*, 415 F.3d 457, 465-66 (5th Cir. 2005).

activities that were more strenuous than those demanded of sedentary workers. This fact, along with the medical reports described above, provides substantial evidence that she could perform her past relevant work. Therefore, we find no error in the ALJ's reasoning and agree that substantial evidence supports the finding that Teague could engage in substantial gainful employment as of February 23, 2006.

*    *    *

For the foregoing reasons, we AFFIRM the judgment of the district court.